Malcolm McNeil

*v.*

The Chicago City Railway Co.

1. Charter—*contract.* Where the charter of a horse railway company authorized them to build a single or double track railway over any streets in the city of Chicago, as had been or should be authorized by the common council, and full permission was given by ordinance to lay a track, in which a time was fixed for its completion, and a forfeiture was provided for in case of non-completion, and before the expiration of the time the ordinance was amended and the time extended for the period of ten years: *Held*, that the operation of this latter ordinance was to extend the time for ten years after the expiration of the time fixed by the previous ordinance.

2. Acceptance of the terms of the ordinance. After this latter ordinance was adopted, the company passed a resolution adopting the terms of the ordinance on the condition of the repeal of certain other ordinances, and agreed to a postponement of laying the track for the time mentioned. Subsequently, the common council accepted the proposition contained in the resolution, reciting that the company had obligated itself to postpone the laying of the track for the period of ten years, and the amendatory ordinance was affirmed: *Held*, this did not constitute an abandonment of the right to build by the company, but merely a postponement of the right.

3. Contract. The effect of this contract was to extend the time ten years longer, and the period of the delay began to run from the date of the ordinance accepting the proposition contained in the resolution, and will end ten years from that date. The ten years extended time must be added to the original time given for laying the track.

Appeal from the Circuit Court of Cook county.

This was a suit in equity, brought by appellant, in the circuit court of Cook county, against appellees, to restrain them from constructing a railway track on South Clark street, between Randolph and Polk streets, upon the ground that, at the time they were proceeding to lay their track, to wit, on the 20th of July, 1870, the company had no right to construct a track on that street. The charter of the railway company authorizes them to construct tracks on the streets in the city of Chicago, by permission of the common council had and obtained.

On the 23d of May, 1859, the common council, by ordinance, gave permission to the company to lay a single or double track in certain streets in the south and west divisions of the city, among which was the portion of South Clark street that they are sought to be restrained from building. The ordinance, however, required the railway to be completed within eighteen months.

In February, 1860, the original ordinance was amended so as to extend the time for constructing the railway in Clark street, for ten years beyond the time first named. After the adoption of this amendatory ordinance, and in the same month, the company accepted the terms of the amendatory ordinance upon the condition of a repeal by the common council of sections nine and twelve of the first ordinance.

On the 9th of March, 1860, the common council passed an ordinance accepting the proposition, as follows: "That the resolution of the Chicago Railway Company passed on the 18th day of February, 1860, tendered to this body, to which reference is hereby made, whereby the said company obligates itself to postpone the laying down of its track on South Clark street for and during the period of ten years, be, and the same is hereby, and the said amendatory ordinance therein mentioned, affirmed."

Complainant contends that the amendatory ordinance, resolution and acceptance constitute an abandonment and surrender by the company of all rights and privileges as to South

Clark street, between the points named. The company deny this proposition, and insist that it was but an extension of the time within which to construct their track, from the 9th of March, 1860, till the 9th of March, 1870.

The cause was tried on the bill, amended bill, the cross bill, answers and replications, and stipulation as to particular facts in reference to the company not having constructed railways in certain streets in the city.

On a hearing below, the court rendered a decree dismissing the bill, from which complainant prosecuted this appeal.

Messrs. Hoyne, Horton & Hoyne, and Mr. Francis Adams, for the appellant.

Messrs. Hitchcock, Dupee & Evarts, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

This bill was filed to enjoin and restrain the railway company from constructing its track on South Clark street, between Randolph and Polk streets, in the city of Chicago.

The question is one as to the right of the company, and this must be determined by a construction of the ordinances of the common council of the city, and the resolution of acceptance on the part of the company.

The charter of the company conferred the right to construct, maintain and operate a single or double track railway in and over such streets in the city of Chicago as had been or should be authorized by the common council.

Full permission was given, by ordinance, to lay the track, in the bill mentioned. Gary's Ordinances, sec. 2, 401.

A time for the completion of the railway was fixed in section three of the same ordinance, and by section nine a forfeiture was provided for non-completion within the time specified.

Before the expiration of the time, these ordinances were amended, and the time for the construction of the track on

Clark street was "extended for the period of ten years  *  *  beyond the time" mentioned in the amended ordinance. Gary's Ordinances, 404.

This amendatory ordinance must be construed as extending the time for completion for ten years after the expiration of the time fixed in the first ordinance. No other meaning can properly be given to it. The language is, to extend the period ten years "beyond the time mentioned in said (the amended) ordinance."

The railway company, by resolution, accepted the provisions of the last mentioned ordinance on condition of a repeal of certain other ordinances, and agreed to a postponement of laying its track during the time therein mentioned.

In March following the adoption of the resolution, the common council accepted it by ordinance, reciting that the company had obligated itself "to postpone the laying down of its track  *  *  *  for and during the period of ten years," and the amendatory ordinance was affirmed. Gary's Ordinances, 405.

If this contract did not constitute an abandonment or surrender of the power or privilege granted by the common council on the 23d of May, 1859, then the company had eleven years and six months in which to construct its railway. This time would expire on the 23d of November, 1870.

If the company had intended to surrender its rights, there would have been no necessity for the circumlocution used, but it would have said so in plain and unequivocal language. It should not be deprived of a valuable right by doubtful construction.

The ordinances and resolution must all be viewed together; effect must be given to each, and thus the meaning of the whole ascertained.

It is contended by the complainant that, by the resolution, and acceptance thereof, the company agreed not to lay its track on South Clark until November, 1870, and that this agreement constituted a surrender of its privileges granted by

154    McNeil *v.* Chicago City Railway Co. [Sept. T.,

---

Opinion of the Court.

the original ordinance. The case may be stated thus: A right was granted to the company, to be exercised within a limited time. Before the expiration of the time, it is extended, without condition. The extension is accepted upon the terms offered, and, in consideration thereof, and of the repeal of certain ordinances, the company agrees to postpone the exercise of the right for the extended time. The other party repeals the ordinances and assents to the conditional acceptance. The contract thus completed was not an abandonment, but merely a postponement of the right.

What delay was the result of the arrangement between the city and the company? The common council gave ten years longer time, to which the company assented, upon conditions. They were agreed to by the common council, and the first proposal affirmed. The ordinance of March 9th in no sense changed the amendatory ordinance of February 13th, but reaffirmed it, and complied with the conditions and repealed the ordinances. The contract was then completed, and the agreement to delay the laying the track for ten years was the chief result. When did this period begin, and when did it end? It did not commence at the date of the amendatory ordinance. That was only a grant of time, not binding upon the company until acceded to by it. The resolution was only a conditional acceptance, and not until the ordinance of March 9th was there a compliance with the conditions. Then the agreement was consummated between the parties. The period of ten years then began to run, and expired within ten years thereafter.

By a consideration of the ordinances and resolution, we are of opinion that ten years of extended time should be added to the original time given for laying the track; that the agreement of the company was merely to delay for ten years from the time of extension, and that it had the residue of the eleven years and six months from the first grant of the right in which to lay the track of its railway.

The same construction substantially has been given to this contract by the city of Chicago, one of the parties, by an ordinance adopted on the 21st of November, 1870, and the time was again extended.

The decree of the court is affirmed.

*Decree affirmed.*